UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROMER ROLANDO ORTUNO RIOJA,

          Plaintiff,

    -against-

UNITED STATES OF AMERICA,

          Defendant.

1:26-CV-3309 (LTS)

ORDER DIRECTING PRISONER
AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at the Federal Correctional Institution, Otisville, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request permission to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account.[1] *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore also authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee from the prisoner's account in installments and to send to this Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

---

[1] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

Plaintiff submitted an IFP application, but did not submit a prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or complete and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 1:26-CV-3309 (LTS).[2]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    April 30, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fees at the time of filing any new action.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff/petitioner)

-against-

_____

_____

(full name(s) of the defendant(s)/respondent(s))

CV _____ (    ) (    )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1)  because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

(2)  the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1)  send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2)  calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

_____

Date

_____

Name (Last, First, MI)

_____

Address

_____

Signature

_____

Prison Identification #

_____

City          State      Zip Code

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 10/26/16